UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANGEL CHRISTOPHER CANALES,

Plaintiff,

v.

GUZMAN, Warden, GOVERNMENT CLAIMS OFFICIAL, MAIL ROOM SERGEANT,

Defendants.

Case No.:  3:23-cv-1059-GPC-MSB

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**

Angel Christopher Canales ("Plaintiff"), currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff, however, has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a), however, and has not filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2*); Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action *sua sponte* without prejudice for failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

(3)  **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated:  June 13, 2023

Hon. Gonzalo P. Curiel
United States District Judge