UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL CHRISTOPHER CANALES,<br><br>        Plaintiff,<br><br>v.<br><br>GUZMAN, Warden, GOVERNMENT CLAIMS OFFICIAL, MAIL ROOM SERGEANT,<br><br>        Defendants. | Case No.:  3:23-cv-1059-GPC-MSB<br><br>**ORDER: (1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 2, 5] and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURUSANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.  INTRODUCTION

On June 2, 2023, Plaintiff, Angel Christopher Canales ("Plaintiff" or "Canales"), an inmate at Centinela State Prison ("CEN") and proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. On June 13, 2023, the Court dismissed the action because Canales had not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a) and had not filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). In its Order, the Court gave Canales 45 days to either pay the fee or move for

IFP, and he has now filed two IFP applications.[1] ECF Nos. 2, 4. For the reasons discussed below, the Court GRANTS Plaintiff's IFP motions and DISMISSES the Complaint without prejudice and with leave to amend.

## II.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

---

[1]     On June 15, 2023, after the Court issued its June 13, 2023 dismissal Order, Plaintiff's first Application to Proceed IFP was docketed *nunc pro tunc* to June 12, 2023, the day it was received in the Court's mailroom. *See* ECF Nos. 2–4.

[2]     In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motions, Plaintiff provided copies of his trust account statements. ECF Nos. 3, 6. During the six months prior to filing suit, Plaintiff had an average monthly balance of $219.04, average monthly deposits of $225.67, and an available account balance of $0.00 at the time he filed suit. ECF No. 3 at 1. The Court finds Plaintiff has established an inability to pay the required $350 filing fee and **GRANTS** his IFP motion. While the Court assesses no initial payment, Plaintiff will be required to pay the full $350 filing fee in installments to be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

**III.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)**

**A.    Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Canales alleges that on December 8, 2021, an "outside correspondent" mailed a package to him, via "priority first class mail." ECF No. 1 at 3. The package was received at CEN on December 10, 2021, but after fourteen days of waiting, it was never delivered to Canales by CEN staff. Initially, Canales submitted several informal "Inmate 22 Requests," inquiring about the package. *Id.* CEN staff told Canales that "no such mail" was received. *Id.* Plaintiff states CEN mailroom staff were "highly disrespectful" and routinely careless with inmate mail. *Id.* On January 26, 2022, Canales filed a formal grievance about the missing package. *Id.* at 3, 6. He stated the package had contained "decorative stationary, family photos, 40 stamps, various drawings, all irreplaceable with personal semimetal value." ECF No. 1-2 at 5. Along with his grievance, Canales included the U.S. Postal Service tracking confirmation receipt, showing that the package had indeed been delivered to CEN on December 10, 2021. *Id.* at 5, 10; *see also* ECF No. 1 at 3.

On February 19, 2022, Canales' grievance was "granted." ECF No. 1 at 3. In its response, CEN informed Canales that a "thorough search of the mailroom was conducted" but the package was not found. ECF No. 1-2 at 3. Canales was advised to utilize the "Government Claims Program" to request reimbursement for the value of the items contained in the package. *Id.* at 3, 7.

Canales filed a claim with the Government Claims Program ("GCP") on March 18, 2022, along with a request to waive the $25 filing fee. ECF No. 1 at 4. On November 23, 2022, the GCP informed Plaintiff he did not meet the requirements for a fee waiver. *Id.*,

*see also* ECF No. 1-2 at 14. Canales then submitted the filing fee. ECF No. 1 at 4. On January 4, 2023, the GCP notified Canales that his claim was rejected because it involved "complex issues that are beyond the scope of analysis and interpretation typically undertaken by the GCP." ECF No. 1-2 at 12. In its letter, the GCP stated that "claims involving such complex issues are best determined by the courts." *Id.* Information in the letter also referred Plaintiff to California Government Code sections 945.6 and 955.4 for information on the procedure for filing such an action. *Id.*

### C. Discussion

In his Complaint, Canales raises three claims and names Guzman, Warden of CEN, an unnamed "Government Claims Official," and an unnamed "Mail Room Sergeant" as Defendants. ECF No. 1 at 2. In his first and third claims, he alleges Defendants Guzman and "Mail Room Sergeant" violated his due process and First Amendment rights by failing to ensure delivery of his mail. In his second claim, he contends the GCP staffer who denied his claim despite his being told it had "already been approved," violated his due process rights. ECF No. 1 at 3–5. He seeks $19,000 in money damages and an injunction prohibiting Defendants from retaliating against him. *Id.* at 7.

#### 1. *Due Process and First Amendment (Grounds One and Three)*

Because Canales' first and third claims both raise due process and First Amendment claims related to his undelivered package, the Court will address them together. As to both claims, Canales alleges CEN mail staff were untruthful when they told him initially that CEN had not received the package. ECF No. 1 at 3, 5. He further alleges his right to receive mail was compromised by the "negligence and abuse of power" of CEN mailroom staff and Warden Guzman. *Id.* at 2, 5.

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law. With respect to a prisoner's property, the Supreme Court has held that "an unauthorized intentional deprivation of property" by a prison official constitutes a violation of due process if a

meaningful post-deprivation remedy for the loss is unavailable. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). If, however, a prison official merely acts negligently in losing a prisoner's property, there is no due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in the original).

Here, Canales fails to state a plausible due process claim. First, he provides no facts to suggest Guzman or the Mailroom Sergeant intentionally deprived him of his package. Indeed, Plaintiff states the deprivation was due to "negligence." ECF No. 1 at 3, 5. Second, Canales provides no factual allegations specific to either Defendant's individual conduct which suggests either caused him to be deprived of his package, intentionally or otherwise. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating an inmate "allege facts which demonstrate that a[] particular prison official was the actual and proximate cause of [the] constitutional violation"). Canales merely asserts, without any factual support, that the unnamed "Mail Room Sergeant"[3] and Warden Guzman[4] were somehow responsible for

---

[3] The Federal Rules of Civil Procedure do not authorize or prohibit the use of unnamed parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at OR OCCC*, No. 19-cv-00084-DKW-KJM, 2019 WL 2062945, at *4 (D. Haw. May 9, 2019). Courts disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

[4] In addition, to the extent Canales names Guzman solely because of his supervisory role as warden, he fails to state a claim because he has not plausibly alleged causation. To state a claim against a supervisor, a plaintiff must allege "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

6

3:23-cv-1059-GPC-MSB

the loss of the package. Such speculative and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *see also Daniels*, 474 U.S. at 328.

Further, even if Plaintiff had plausibly alleged an intentional, unauthorized deprivation, an available state common law tort claim procedure to recover the value of property is an adequate remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128–29 (1990). To the extent Plaintiff alleges he was denied an adequate remedy because his claim was denied reimbursement by the GCP, he fails to do so because he could still seek relief in state court pursuant to California Government Code § 945.6. *See Arnold v. Williams*, No. 08-cv-28886 DAD, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process). Indeed, the letter informing Canales his GCP claim was denied as complex, directed him to California law under which he could file an action in state court. *See* ECF No. 1-2 at 12–13. Because an adequate remedy was available to Canales, he cannot state a cognizable due process claim.

Finally, to the extent Canales alleges his First Amendment rights were also violated by the loss of his package, he also fails to state a claim. Prisoners have a First Amendment right to "send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, "negligent" mishandling of an inmate's mail does not amount to a constitutional violation. *See Daniels*, 474 U.S. at 334–35 (stating mere negligence is not actionable under § 1983); *see also Luca v. Lutz*, No. 93-17191, 17 F.3d 395, 1994 WL 47981, at *2 (9th Cir. 1994) (unpublished) ("Negligence does not suffice to state a constitutional claim under 42 U.S.C. § 1983."). And an isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *see also Smith v, Maschner*, 899 F.2d

---

conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

940, 944 (10th Cir. 1990) (finding an "isolated incident [of mail mishandling], without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (concluding the mishandling of mail on a single occasion insufficient to show constitutional violation); *Watkins v. Curry*, No. 10-cv-2539-SI (PR), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983."). Here, Canales merely alleges a single incident of negligence by Defendants in failing to deliver his package. ECF No. 1 at 2, 3, 5. This is insufficient to state a plausible First Amendment claim.

In sum, based on the above, Plaintiff's Due Process and First Amendment claims, raised against Defendants Guzman and Unnamed Mailroom Sergeant are dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### 2. *Due Process (Ground Two)*

In his second ground for relief, Canales alleges his due process rights were violated by unnamed Defendant "Government Claims Program Official" when the official denied his GCP claim for reimbursement for the value of the items in the lost package. ECF No. 1 at 4. As discussed above, neither negligent nor unauthorized intentional deprivations of property give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. *Palmer*, 468 U.S. at 533 n. 14. Here, Canales does not allege the unnamed GCP Defendant deprived him of his property; rather, he states the official unfairly denied his GCP claim. *See* ECF No. 1 at 4. But there is no due process right to a favorable outcome under California's GCP, or any other grievance process. *Cf. Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (stating "inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Garcia v. Podsakoff*, No. 1:16-cv-00394-BAM, 2017 WL 1375222, at *3

(E.D. Cal. Apr. 17, 2017) ("Prison officials are not required under federal law to . . . respond to [grievances] in a favorable manner.). Moreover, while the GCP denied Canales' claim because it was overly complex, it advised Canales that he was free to seek relief in the state courts under California's Government Code. *See* ECF No. 1-2 at 12–13. Thus, Canales was not without an adequate post-deprivation remedy. *See Zinermon*, 494 U.S. at 128–29. Thus, Plaintiff has failed to state a plausible due process claim against the unnamed GCP official. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### D. Leave to Amend

In light of his pro se status, the Court GRANTS Plaintiff an opportunity to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1. **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. **DIRECTS** the Clerk of Court to provide Plaintiff with a blank, court-approved, form Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for his use and convenience.

**IT IS SO ORDERED.**

Dated: August 22, 2023

Hon. Gonzalo P. Curiel
United States District Judge