**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL CHRISTOPHER CANALES, CDCR# AT-3557, <br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, CAPTAIN BOTELLO, B. STUMP, JOHN DOE #1, FIDENIO GUZMAN, Warden,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-cv-1059-GPC-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURUSANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

## I.  INTRODUCTION

Plaintiff, Angel Christopher Canales ("Plaintiff" or "Canales"), an inmate at Centinela State Prison ("CEN") and proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983 on June 2, 2023. ECF No. 1. On August 22, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), dismissed the Complaint for failure to state a claim and granted Plaintiff leave to amend. ECF No. 7. On November 11, 2023, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 10. For the reasons discussed below, the Court DISMISSES the FAC without prejudice.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

### A. Legal Standards

Plaintiff's FAC requires pre-answer screening. Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must *sua sponte* dismiss a prisoner's IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation

of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

In his FAC, Canales alleges that on December 8, 2021, a member of his family in the Los Angeles area sent a parcel to him at CEN, via "certified United States mail." ECF No. 10 at 3. The package contained several items, including 40 postal stamps, 20 photographs, personal letters, greeting cards, a drawing worth $1600, and a poster signed by Kobe Bryant worth $15,000. *Id.* When Plaintiff failed to receive the package, his mother and fiancé contacted prison officials by telephone on at least two occasions to inquire about its status. Ultimately, they were informed by a CEN staffer that there was "no record" that the package was received. *Id.* According to U.S. Postal Service Tracking, however, the package was delivered to CEN. *Id.*; *see also* ECF No. 10-1, Ex. D at 8. But Canales never received it. ECF No. 10 at 3.

Canales filed an administrative grievance about the missing package. *Id.* at 4. In its response, the CEN Office of Grievances noted that tracking information showed the package had been delivered to CEN and a scanned image of the parcel showed it had been properly addressed. ECF No. 10-1, Ex. G at 14. However, after a "thorough search of the mailroom," the package could not be found. *Id.* Plaintiff's grievance was therefore "granted." *Id.* Plaintiff was advised he could seek reimbursement for the value of the items in the package by submitting a claim with the Government Claims Program ("GCP"). *Id.*

Plaintiff alleges the mail was "stolen" and the California Department of Corrections and Rehabilitation ("CDCR") "refused to . . . resolve [his] complaint," thereby denying him of his "personal property." ECF No. 10 at 6. He seeks $15,000 in compensatory damages, $4,000 in punitive damages, and an injunction requiring CDCR to refrain from "bad treatment from the mishandling of U.S. Mail" and preventing "defendants from retaliating." *Id.* at 8.

## C. Discussion

Canales raises three claims in his FAC. In claims one and two, he alleges he was deprived of his personal property in violation of this right to due process. *Id.* at 3–5. In his third claim, he contends his First Amendment rights were violated by "unjustified governmental interference" with his mail. *Id.* at 6. He names five Defendants: CDCR Secretary Jeff Macomber, Captain Botello, B. Stump, CEN Warden Fidenio Guzman, and an unnamed Seargent "John Doe." *Id.* at 2.

### 1. *Due Process (Grounds One and Two)*

In his first and second claims Canales alleges his right to due process was violated by the "unlawful taking" of his personal property after Defendants "failed to safeguard" his mail and failed to properly investigate the matter. *See id.* at 3, 5.

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law. The Supreme Court has held that "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And if a prison official is alleged to have merely acted negligently, there can be no due process violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in the original).

Here, Canales fails to state a plausible due process claim based on deprivation of his property. While it appears clear Plaintiff never received his package, he offers only speculation as to how it was lost. Canales contends his mail was "stolen" and states that Stump, Botello, Sergeant John Doe, Macomber, and Guzman were responsible. ECF No. 10 at 3. But he provides no support for this allegation. He merely states generally that Defendants, collectively, failed to "safeguard" his personal mail. *Id.* at 5. Canales,

however, provides no factual allegations specific to any individual Defendant's conduct which suggests they stole his property or otherwise caused him to be deprived of his package, intentionally or otherwise. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating an inmate "allege facts which demonstrate that a[] particular prison official was the actual and proximate cause of [the] constitutional violation"). Such speculative and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *see also Daniels*, 474 U.S. at 328.

Moreover, to the extent Plaintiff alleges Defendants Macomber and Guzman, CDCR Secretary and CEN Warden, respectively, are liable in their supervisory capacities he also fails to state a claim. Under § 1983, Plaintiff must show that the defendants holding supervisory positions personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

The FAC lacks any facts suggesting Macomber or Guzman personally participated in the purported deprivation of his property. Plaintiff alleges that Macomber, as Secretary of the CDCR, is responsible for the "efficient and effective management of all facets of the Correctional system." ECF No. 10 at 5. He further states that both Guzman and Macomber "had sole discretion to determine when and how to resolve [his] stolen U.S. mail." *Id.* at 2. However, the FAC contains no allegations suggesting that Macomber, Guzman (or any Defendant), "participated in or directed" the deprivation of Canales' property or knew of it and failed to prevent it. *Taylor*, 880 F.2d at 1045.

Finally, even assuming Canales could plausibly allege an intentional, unauthorized deprivation on the part of an individual defendant, there is no due process violation when

an available state common law tort claim procedure provides an adequate remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128–29 (1990). Here, Canales pursued relief from the California's GCP. *See* ECF No. 10-1, Ex. I at 19. Although GCP denied Plaintiff's claim as overly "complex," he had another avenue for relief. As the GCP notified him, Canales was still free to file a claim in state court under California Government Code § 945.6. *See id*. Because an adequate state remedy was available to Canales, he cannot state a cognizable due process claim. *See Hudson*, 468 U.S. at 533; *see also Arnold v. Williams*, No. 08-cv-2886-DAD, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (stating California Government Code §§ 900, *et seq*., provides a sufficient post-deprivation remedy for the purposes of due process).

In sum, Plaintiff has failed to state a due process claim for deprivation of property against any defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### 2. *First Amendment (Claim Three)*

In his third claim, Canales contends his First Amendment rights were violated by alleged "unjustified governmental interference with [his] intended communications." ECF No. 10 at 6. Prisoners have a First Amendment right to "send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, "negligent" mishandling of an inmate's mail does not amount to a constitutional violation. *See Daniels*, 474 U.S. at 334–35 (stating mere negligence is not actionable under § 1983); *see also Luca v. Lutz*, 17 F.3d 395, 1994 WL 47981, at *2 (9th Cir. 1994) (unpublished) ("Negligence does not suffice to state a constitutional claim under 42 U.S.C. § 1983."). Moreover, an isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *see also Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding an "isolated incident [of mail mishandling], without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a

constitutional violation"); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) (concluding the mishandling of mail on a single occasion insufficient to show constitutional violation); *Watkins v. Curry*, No. 10-cv-2539-SI (PR), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983."). As discussed above, while Canales alleges the mail was "stolen," he provides no factual support for his claim he was intentionally deprived of his mail by any individual Defendant. ECF No. 10 at 6. He merely surmises "there was no reason to take Plaintiff's U.S. Mail but theft." *Id.* Plaintiff's conclusory allegations are insufficient to support a plausible First Amendment claim.[1] *See Iqbal*, 556 U.S. at 678.

Thus, for the reasons discussed above, Plaintiff's First Amendment claim is dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court:

**DISMISSES** Plaintiff's First Amended Complaint *sua sponte* and in its entirety

---

[1] While not entirely clear, Canales also appears to allege his constitutional rights were violated when the "CDCR refused and denied [sic] to resolve [his] complaint" about his missing mail. ECF No. 10 at 6. However, Plaintiff's administrative grievance was "granted" and CEN officials acknowledged his mail had been delivered to the facility but, after a search of the mailroom, could not be found. ECF No. 10-1, Ex. G at 14–15. That Canales did not obtain the relief that he sought through the grievance procedure does not amount to a First Amendment or due process violation. Prisoners have no stand-alone rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also, e.g., Wright v. Shannon*, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (finding plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Walker v. Vazquez*, 2009 WL 5088788, at *6–7 (E.D. Cal. Dec. 17, 2009) (concluding plaintiff's allegations that prison officials failed to properly process his inmate appeals failed to a state cognizable under the Fourteenth Amendment).

1 | based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and the Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

The Clerk of Court shall close the file.

IT IS SO ORDERED.

Dated:  December 19, 2023

Hon. Gonzalo P. Curiel
United States District Judge